Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8688 | **DATE** | 7/30/2004 |
| **CASE TITLE** | LUCY vs. JONES, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [26-1] is granted. Defendants' motion for dismissal, attorneys' fees, and sanctions [44-1] is moot to the extent the motion seeks dismissal of plaintiff's complaint with prejudice. The request for attorneys' fees and sanctions [44-1] is referred to the assigned magistrate judge for a report and recommendation. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 2 2004 date docketed | |
| | Notified counsel by telephone. | | | 54 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 7/30/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | 2004 JUL 30 PM 4:49 Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECIL B. LUCY, SR., ) | |
| ) | |
| Plaintiff, ) | No. 03 C 8688 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| GEORGE JONES, JR. and ADA S. MCKINLEY ) | |
| COMMUNITY SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 0 2 2004

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Cecil B. Lucy Sr. sues Ada S. McKinley Community Services, Inc., a community social service organization, and George Jones, Jr., its executive director, for violations of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and intentional infliction of emotional distress.[1] Defendants move for summary judgment. Despite receiving a Local Rule 56.2 notice to *pro se* litigants opposing summary judgment, Lucy fails to comply with Local Rule 56.1. Lucy's response to defendants' facts fails to cite to admissible record evidence supporting his denials of ¶¶ 21, 24, 43, 45, 61-62, 68, and 73, contradicts prior deposition testimony in ¶ 30, and improperly includes additional facts and administrative regulations in sections III-VI and XI. Lucy's additional facts improperly incorporate legal argument in ¶ 3 and wholly irrelevant facts in ¶¶ 5-9. Indeed, Lucy admits receiving notice of, but not complying with, Local Rule 56.1 requirements. Pl. Emer. Mot.

---

[1] Lucy is not pursuing his claim for intentional infliction of emotional distress. Pl. Opp. Mot. at 2.

1

at ¶¶ 6-8, Docket No. 42-1. Thus, Lucy's submission is disregarded to the extent it fails to comply with Local Rule 56.1.

The following facts are undisputed. In 1996, Lucy was hired by McKinley and later became chief financial officer, a role requiring management of accounting and preparation of budgets and audits. Lucy was Jones' second-in-command, assuming his duties when necessary. McKinley's handbook contains a conflict of interest policy and a code of ethics. The former prohibits financial interests that "raise[] a reasonable question of conflict with . . . [McKinley] responsibilities", while the latter "requires honesty, integrity, ethical, and legal behavior from every individual in all interactions . . ." Def. Facts at ¶¶ 8-9.

In spring 2001, Lucy notified Jones of his wife's pregnancy. In July, Lucy met with Operation PUSH representatives to discuss performing accounting services as an "independent contractor," and thereafter requested from McKinley a 12-week FMLA leave beginning September 4. (His wife's due date was September 17.) In early September, Lucy again discussed consulting with Operation PUSH, purportedly on an "as-needed" basis without set working hours. On September 4, the day on which Lucy requested his FMLA leave to commence, he started Operation PUSH "consulting" or "contracting." On September 7, Lucy's wife entered the hospital and gave premature birth to their son. Due to her hospitalization, Lucy did not work for Operation PUSH between September 6 and 19. On September 6, Lucy's paid FMLA leave commenced. Lucy did not inform Jones of his relationship with Operation PUSH prior to going on leave.

On September 22, Jones contacted Lucy after hearing rumors that he had accepted a position with Operation PUSH. Lucy denied the rumors, but admitted performing "some independent contract work" in "a limited role." *Id.* at ¶ 40. In October, Jones notified Lucy he considered him

a "key employee" to whom job restoration could be denied under the FMLA. Jones' notice was based on the assumption Lucy was "acting in good faith and . . . actually on leave to care for your child or your wife . . . [not] to try working for another employer." *Id.* at ¶ 44. Thereafter, and throughout Lucy's FMLA leave, Jones heard from multiple McKinley employees and consultants that Lucy worked at Operation PUSH as either a consultant or as chief financial officer. In late October, Lucy again denied he was employed by Operation PUSH and stated he planned to return to McKinley after FMLA leave. In response, Jones informed Lucy that "information continues to come to my attention that you have accepted the position of Chief Financial Officer at Operation PUSH" and "if [confirmed], we will consider [it] as a voluntary resignation." *Id.* at ¶ 53. Ultimately, Jones retained a detective agency; it reported Lucy was employed by Operation PUSH as a contractor in the capacity of chief financial officer. Meanwhile, Jones also discovered Lucy's deficient performance of certain tasks, including the untimely submission of paperwork resulting in the loss of a $381,000 grant. In late November 2001, Jones terminated Lucy's employment, citing primarily conflict of interest and breach of trust in performing work for Operation PUSH during his paid FMLA leave and, secondarily, Lucy's performance failings. Until February 2003, Lucy worked for Operation PUSH. This lawsuit followed in December 2003. During discovery, Lucy admitted performing 380 hours of Operation PUSH consulting work during his paid FMLA leave from McKinley. On June 1, 2004, two days before discovery closed, Operation PUSH produced Lucy's previously undisclosed employment contract. This contract – signed on September 4, 2001 – reveals Lucy accepted a vice president/chief financial officer position, contingent upon completion of a contract assignment from September 4 to November 12 for a minimum of 15 weekly hours on Tuesdays, Wednesdays, Thursdays and Saturdays.

## DISCUSSION

Lucy contends defendants violated his FMLA rights by failing to provide timely notice of his status as a "key employee" and by failing to reinstate him. Pl. Opp. Mot. at ¶ 1. Lucy's contentions fail as a matter of law. As an initial matter, Lucy's reliance on the FMLA's notice requirements governing key employees is misplaced. Lucy was not denied job restoration. *See* 29 U.S.C. § 2614(b); 29 C.F.R. § 825.312(f) (employer may deny restoration to a key employee in certain circumstances, provided timely notice of "key employee" designation given). Defendants repeatedly received information that Lucy was using his FMLA leave for Operation PUSH work. It is undisputed that Lucy obtained FMLA leave for the stated purpose of caring for his newly born son and wife. It is also undisputed that without informing his employer, Lucy negotiated and signed a contract with another employer under which he performed 380 hours of work during his FMLA leave. This was a fraud on McKinley. Lucy cannot establish that defendants interfered with his FMLA rights or retaliated against him by failing to reinstate him. 29 C.F.R. § 825.312(g) ("[a]n employee who fraudulently obtains FMLA leave from an employer is not protected by FMLA's job restoration . . . provisions").

Lucy's insistence that he was actually caring for his newly born son and wife during his FMLA leave is irrelevant. Defendants need only prove they honestly believed that Lucy misused FMLA leave for Operation PUSH work. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 681 (7th Cir. 1997). Put another way, defendants "need not conclusively prove that [Lucy] had misused [his] leave; an honest suspicion will do." *Id.* (*citing* 29 C.F.R. § 825.216(a)). Lucy concedes Jones' sincere concern over his Operation PUSH work while on FMLA leave. Def. Facts at ¶ 57.

Lucy also fails to demonstrate pretext. He has not established that he is similarly-situated to the two McKinley employees' with outside employment. Unlike them, Lucy was Jones' second-in-command. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir. 2000). Nor has Lucy specifically rebutted the performance deficiencies identified by Jones, notably the loss of a $381,000 grant. Instead, Lucy vaguely alludes to his own satisfactory performance and his periodic checking of voicemail and email. *See Clay v. City of Chicago*, 143 F.3d 1092, 1094 (7th Cir. 1998); *Anderson v. Stauffer Chemical*, 965 F.2d 397, 403 (7th Cir. 1992).

## CONCLUSION

Defendants are entitled to judgment as a matter of law.

July 30, 2004                                              ENTER:

                                                                          Suzanne B. Conlon
                                                                          United States District Judge

5