# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8688 | **DATE** | 10/19/2004 |
| **CASE TITLE** | Cecil B. Lucy vs. George Jones, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons explained in the attached Order & Report and Recommendation, the court grants *Defendants' Petition for Attorneys' Fees* and concludes that granting the fee petition for the full amount of $3,118.75 is a reasonable sanction for Lucy's discovery abuses. Accordingly, the court recommends that no additional sanctions be awarded, and that the district court deny *Defendants' Motion for Dismissal of the Complaint and for Attorneys' Fees and Other Discovery Sanctions* to the extent it seeks attorneys' fees or other sanctions.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECIL B. LUCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 8688 |
| ) | |
| ) | Judge Suzanne Conlon |
| GEORGE JONES, JR. and ADA S. ) | |
| McKINLEY COMMUNITY SERVICES, INC. ) | Magistrate Judge Nan R. Nolan |
| Defendants. ) | |

## ORDER & REPORT AND RECOMMENDATION[1]

This matter is before the court regarding two motions seeking sanctions against the plaintiff under Rule 37 of the Federal Rules of Civil Procedure. In the first motion, *Defendants' Petition for Attorneys' Fees*, defendants seek a portion of the fees they incurred to file two motions to compel discovery. The second motion is *Defendants' Motion for Dismissal of the Complaint and for Attorneys' Fees and Other Discovery Sanctions*. After granting summary judgment in favor of the defendants, the district court denied that sanctions motion as moot to the extent it requested dismissal, but referred the remainder of the motion to this court for a report and recommendation as to whether attorneys' fees or other sanctions under Rule 37 are warranted. As explained more thoroughly below, the court grants *Defendants' Petition for Attorneys Fees*, but recommends that no additional sanctions be awarded, and thus recommends that the district court deny *Defendants' Motion for Dismissal of the Complaint and for Attorneys' Fees and Other Discovery Sanctions.*

---

[1] Section II.A is this court's order; section II.B is a report and recommendation to the district court.



## I. BACKGROUND

In December 2003, plaintiff Cecil Lucy sued his former employer defendant Ada S. McKinley Community Services, Inc. ("McKinley") and its executive director George Jones for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and intentional infliction of emotional distress. According to Lucy, defendants improperly terminated his employment in November 2001 while he was taking a 12 week FMLA leave after the birth of his son. More specifically, Lucy maintains that defendants violated his FMLA rights by failing to provide timely notice of his status as a "key employee" to whom job restoration could be denied under the FMLA, and by failing to reinstate him at the end of his FMLA leave. *Lucy v. Jones*, 03 C 8688, 2004 WL 1745754, at *1 (N.D. Ill. Aug. 2, 2004). Notably, prior to his termination (but after his FMLA leave commenced), Lucy admitted to defendants that he was doing some consulting work for Operation PUSH on a limited basis during his paid FMLA leave, but denied rumors that he had accepted a position at Operation PUSH and further expressed his intention to return to McKinley. *Id.* Defendants contend they did not violate the FMLA, explaining they terminated Lucy's employment because they learned that Lucy was working for Operation PUSH during his paid FMLA leave and because they discovered certain performance deficiencies, including Lucy's untimely submission of paperwork that caused McKinley to lose a $381,000 grant.[2] *Id.*

A central issue in the case was whether, to what extent, and in what capacity Lucy was working for Operation PUSH during his paid FMLA leave. During fact discovery, defendants

---

[2]For further background facts, see the district court's summary judgment ruling, *Lucy v. Jones*, 03 C 8688, 2004 WL 1745754, at *1 (N.D. Ill. Aug. 2, 2004).

2

served interrogatories and document requests seeking to obtain information about Lucy's involvement with Operation PUSH, by asking, *e.g.*, for information about his efforts to seek employment since June 2001, and for information about income or other compensation received from June 2001 through the present, including his tax returns. Lucy objected to those requests as irrelevant and overly broad. Additionally, after Lucy's deposition was scheduled by agreement to be taken on May 4, 2004, Lucy's counsel asked if his deposition could be rescheduled to be taken at night or on a weekend so it would not interfere with Lucy's work schedule. Unable to resolve the discovery disputes, defendants filed two motions to compel.[3]

In the first motion, filed May 6, 2004, defendants asked the court (i) to compel plaintiff to provide complete answers to interrogatories and document requests relating to his work for Operation PUSH and his efforts to obtain employment; (ii) to order plaintiff to appear for his deposition; and (iii) to grant attorneys' fees incurred in obtaining the requested court order. In a minute order dated May 7, 2004, the court granted that motion to compel, ordering Lucy to provide interrogatory answers and produce responsive documents by the morning of May 10, 2004, and to appear for deposition that afternoon. In granting the motion, the court did not award fees, however.

A few weeks later, on May 26, 2004, defendants filed a second, supplemental motion to compel, asserting that Lucy had failed to fully comply with the court's previous orders. Specifically, defendants stated that the tax returns they received were late, incomplete, and illegible. Defendants asked the court to again order Lucy to produce complete tax returns. Defendants also asked the court (i) to reopen Lucy's deposition and order him to answer certain

---

[3]Plaintiff also filed a motion to compel, which was granted in part and denied in part.

questions he previously had declined to answer based on an accountant's privilege and the spousal communications privilege; and (ii) to compel Lucy to produce certain documents he referenced during his deposition.

After a hearing on June 2, 2004, the court granted defendants' supplemental motion as it related to the 2001 and 2002[4] tax returns.[5] The court also granted the motion as it related to the deposition questions Lucy had declined to answer based on the accountant's privilege and the marital privilege, and ordered Lucy to appear for deposition by June 3, 2004 when fact discovery closed. (Minute order dated 6.2.04, docket 24.) The only part of the motion the court denied related to certain documents Lucy referenced at his deposition, because the court concluded the documents in question no longer existed.

In light of Lucy's continued disregard of his discovery obligations and direct court orders, the court invited defendants to submit a fee petition relating to the two motions to compel, excluding fees relating to the privilege dispute.[6] On June 16, 2004, defendants submitted a fee petition requesting $3,118.75 for fees incurred in connection with the motions to compel filed on May 4 and May 26, 2004.

At the hearing on June 2, 2004, defendants also informed the court that they had just received from Operation PUSH a copy of a written employment agreement between Operation

---

[4]Defendants withdrew their request for 2003 tax information.

[5]The court made this ruling orally in open court on June 2, 2004.

[6]Fees relating to the privilege dispute were excluded because there was a good-faith basis for the dispute. See Fed. R. Civ. P. 37(a)(4)(A) (court need not award fees where the "opposing party's nondisclosure, response, or objection was substantially justified, or [where] other circumstances make an award of expenses unjust").

PUSH and Lucy dated September 4, 2001—just two days before Lucy's paid FMLA leave commenced. The letter agreement, signed by Operation PUSH and Lucy, "reveals Lucy accepted a vice president/chief financial officer position, contingent upon completion of a contract assignment from September 4 to November 12 for a minimum of 15 weekly hours on Tuesdays, Wednesdays, Thursdays and Saturdays." *Lucy*, 2004 WL 1745754, at * 1.

Later that day, Lucy's attorney notified defendants' counsel that she would be seeking leave to withdraw from the case, and as a result, would not be producing Lucy for his follow-up deposition on June 3rd. On June 3, 2004, defendants filed a motion for summary judgment. The next day, Lucy's counsel filed a motion for leave to withdraw, which the district court granted for good cause shown on June 9, 2004. On June 29, 2004, while their summary judgment motion was pending, defendants filed the motion for dismissal of the complaint and for attorneys' fees and other discovery sanctions. Lucy, who has been acting *pro se* since his lawyer withdrew on June 9, 2004, filed briefs opposing the motion for dismissal and opposing the motion for summary judgment. He did not, however, oppose the fee petition filed on June 16th.

On July 30, 2004, the district court granted summary judgment in favor of defendants, finding that Lucy was not protected by the FMLA's job restoration provisions, and that he failed to establish pretext. *Lucy*, 2004 WL 1745754, at *2. As a result, the district court denied defendants' motion for dismissal and for sanctions as moot to the extent it sought dismissal of the complaint, but referred the remainder of the motion to this court for a report and recommendation as to whether attorneys' fees or other sanctions under Rule 37 are warranted.

## II. DISCUSSION

### A. Defendants' Petition for Attorneys' Fees

As mentioned above, defendants seek $3,118.75 for fees incurred in connection with the motions to compel filed on May 4 and May 26, 2004. In submitting the petition, defendants did not delineate which expenses related to obtaining documents such as the tax returns as opposed to which expenses related to the accountant and spousal privilege dispute. Rather, defendants submitted a partial list of attorneys' fees for a total of 10 ½ hours work by two attorneys, accompanied by sworn affidavits from counsel that the submitted expenses represent an accurate, partial listing of attorneys' fees incurred to prepare and present the two motions to compel discovery compliance. According to defendants, in an effort to be reasonable, the fees they requested represent only a portion of the fees actually expended.

The court has reviewed the summary of the attorneys' time and descriptions of their work, and accepts defense counsel's representation that $3,118.75 is a reasonable estimate of the fees incurred to compel Lucy to comply with his discovery obligations. Further, the court finds that Lucy's behavior during discovery was both unreasonable and obstructive, which is particularly unacceptable not only because he is the one who commenced this lawsuit but because he is a licensed attorney. It should not have been necessary for defendants to obtain a court order to get Lucy to appear for his deposition, nor should it have been necessary for the court to issue multiple orders directing Lucy to turn over complete, legible tax returns. Additionally, by failing to respond to the petition for attorneys' fees, Lucy has failed to persuade

6

the court not to award fees. *See* Fed. R. Civ. P. 37(a)(4)(A).[7] Accordingly, the court grants defendants' petition for attorneys' fees for the full amount of $3,118.75.

### B. Report & Recommendation Regarding Defendants' Motion for Dismissal of the Complaint and for Attorneys' Fees & Other Sanctions

In *Defendants' Motion for Dismissal of the Complaint and for Attorneys' Fees & Other Sanctions*, defendants also ask the court to award them all of the attorneys' fees expended in defending this case as a sanction against Lucy under Rule 37 for hiding the true nature of his relationship with Operation PUSH by failing to disclose that he had an employment agreement with Operation PUSH, by lying during his deposition, and by otherwise failing to comply with his discovery obligations. Although the court understands and agrees with defendants' frustration with Lucy, as explained further below, the court does not recommend sanctions beyond the $3,118.75 awarded relating to the motions to compel.

In seeking monetary sanctions, defendants rely on Rule 37(c), which provides:

> **Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Thus, under Rule 37(c), a court has authority to sanction a party who fails to disclose information

---

[7]Rule 37(a)(4)(A) provides that if a motion to compel is granted, the court shall award "the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without or court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

or makes misleading disclosures by awarding attorney's fees incurred by the opposing party as a result of the failure to make required disclosures.

Defendants argue that, based on discovery of the written employment agreement, it is clear that Lucy's lawsuit has no basis whatsoever. But the motion before the court is a Rule 37 motion, not a Rule 11 motion. Under Rule 37(c), court has authority to award expenses *caused by* plaintiff's failure to disclose. Defendants correctly argue that Lucy had to be compelled to appear for his deposition and to produce responsive documents. But the fees incurred to compel Lucy to appear and to produce responsive documents are encompassed by the court's ruling on defendants' petition for fees. Defendants also point out that Lucy failed to appear for his second deposition and failed to produce his complete tax returns after being ordered to do so on several occasions. The court in no way condones Lucy's behavior during the course of discovery. However, his failure to appear for deposition on June 3, 2004 is arguably justified, given his attorney's decision to withdraw from the case the evening before the deposition. Moreover, regarding both the deposition and the documents, it is not clear that defendants incurred any expenses beyond those already awarded. Further, even without additional deposition testimony and without the complete tax returns, defendants prevailed on summary judgment. They may have prevailed in large part because Lucy failed to adhere to Local Rule 56.1, and in doing so, admitted many critical facts. Regardless, in the end, defendants were not prejudiced by the missing information.

The issue of the written employment agreement is more troubling. Without question, information about the written employment agreement falls within the scope of defendants' interrogatories and document requests. According to defendants, Lucy failed to produce the

8

written employment agreement, or even to acknowledge that one existed. At his deposition, defendants' counsel expressly questioned Lucy about his position with Operation PUSH. Lucy testified that he was a consultant for Operation PUSH from September until December 2001.[8] Defense counsel asked Lucy: "Did you ever get any kind of letter from [Operation PUSH] confirming your retention as a consultant?" Lucy answered "No." Given the written employment agreement eventually produced by Operation PUSH, defendants maintain that Lucy lied during his deposition. Lucy counters, through a sworn affidavit, that he answered the question to the best of his recollection at the time. More specifically, Lucy avers that as of the date of his deposition, he "had endured and accumulated over two years of sleep deprivation" after the birth of his two children, that he "did not remember [the written employment agreement] at the time due to sleep deprivation," and that he does not have a copy of that document.

Based on the evidence before the court, it is not clear that Lucy lied during his deposition. While Lucy's sleep-deprivation argument strikes the court as exaggerated and self-serving, it remains plausible that Lucy testified to the best of his recollection at the time. The court thus gives the benefit of the doubt to Lucy. The court does so primarily because it is evident from the district court's summary judgment ruling that defendants would have prevailed on summary judgment with or without the written employment agreement. As the district court explained, an employee is not protected by the FMLA's job restoration provisions if the employee fraudulently obtained FMLA leave. *Lucy*, 2004 WL 1745754, at * 2 (citing 29 C.F.R. § 825.312(g)). On the

---

[8]From December 2001 through February 2003, Lucy worked for Operation PUSH as a full-time employee.

9

issue of whether the FMLA was obtained fraudulently,

> Lucy's insistence that he was actually caring for his newly born son and wife during his FMLA leave is irrelevant. Defendants need only prove they honestly believed that Lucy misused FMLA for Operation PUSH work. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F. 3d 672, 681 (7th Cir. 1997). Put another way, defendants 'need not conclusively prove that [Lucy] had misused his leave; an honest suspicion will do.' *Id.* (citing 29 C.F.R. § 825.216(a)). Lucy concedes Jones' sincere concern over his Operation PUSH work while on FMLA leave.

*Lucy*, 2004 WL 1745754. Accordingly, although the written employment agreement was undoubtedly detrimental to Lucy's claim, defendants did not need the document to prove the reasonableness of their belief that Lucy was misusing his FMLA leave.

The court does not go so far as to find that Lucy's failure to disclose the agreement was substantially justified. *See* Fed. R. Civ. P. 37(c). Nevertheless, the court is not inclined to sanction Lucy for all the fees defendants incurred to defend this case—which likely amounts to more than $40,000[9]—when (a) Lucy claims he did not remember the employment agreement and, in any event, claims he interpreted its meaning differently, and (b) the court is unable to ascertain what, if any, reasonable expenses incurred by defendants were *caused by* the lack of disclosure, given that defendants prevailed on summary judgment. Even if Lucy had told defendants about the written employment agreement, defendants still would have needed to conduct discovery and file for summary judgment to end this case. Perhaps defendants would have filed for summary judgment a few weeks earlier if Lucy told them about the written employment agreement at his deposition on May 10th, or in response to the interrogatories. But in granting defendants' petition for attorneys' fees in full, the court is already compensating defendants for a fair portion of the expenses they incurred during the month of May relating to discovery.

---

[9]Defendants' counsel mentioned this figure at one of the hearings.

## III. CONCLUSION

For the reasons explained above, the court grants *Defendants' Petition for Attorneys' Fees* and concludes that granting the fee petition for the full amount of $3,118.75 is a reasonable sanction for Lucy's discovery abuses. Accordingly, the court recommends that no additional sanctions be awarded, and that the district court deny *Defendants' Motion for Dismissal of the Complaint and for Attorneys' Fees and Other Discovery Sanctions* to the extent it seeks attorneys' fees or other sanctions.

ENTERED:

NAN R. NOLAN

United States Magistrate Judge

Dated: October 19, 2004